FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 NOV -8 AM 10: 19
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONALD NEEDHAM,

    Plaintiff,

v.

TRIHEALTH BETHESDA NORTH,

    Defendant.

Case No. 1:19-cv-902

Dlott, J.

Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Donald Needham has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous

---

[1] The undersigned takes judicial notice that the same Plaintiff recently has initiated three other lawsuits in this Court: (1) *Needham v. Butler County Jail*, Case No. 1:19-cv-294-MRB-SKB; (2) *Needham v. Jones*, Case No. 1:19-cv-368-MRB-KLL (dismissed in June 2019 as duplicative to Case No. 1:19-cv-294-MRB-SKB); and (3) *Needham v. Summit Behavioral Health*, Case No. 1:19-cv-861-MRB-SKB.

when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

Plaintiff's complaint asserts federal jurisdiction and a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552(a). Plaintiff alleges that he has submitted multiple requests for his medical records under the Freedom of Information Act and/or the Privacy Act, but that the Defendant Bethesda North Trihealth (hereinafter "the Hospital") has failed to provide him with those records. (*See generally*, Doc. 1-1 at 6-9). Plaintiff seeks monetary damages "in excess of $10,000," as well as his costs and attorney's fees and an order compelling the Hospital to disclose the requested records. (*Id.* at 9-10).

Plaintiff's complaint should be dismissed for failure to state any claim for relief under federal law. FOIA is applicable only to federal agencies. 5 U.S.C. §551(1); *Washington v. Wishard Memorial Hosp.*, 1995 WL 613629, at *2 (6th Cir.1995); *Butler v. Tennessee Bureau of Investigation,* 1994 WL 194272, at *1, 1994 U.S. App.

LEXIS 11555, at *3 (6th Cir. May 16, 1994). An "agency" under FOIA includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). The Defendant Hospital does not fall within that definition. *See also Sykes v. U.S.*, 507 Fed. Appx. 455, 463, 2012 WL 5974285, at *7 (6th Cir. 2012) (holding that FOIA does not apply to state entities, but only to federal agencies).

For the same reasons, Plaintiff has failed to state any claim under the Privacy Act. *Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005) ("The fact that the Privacy Act contains a section that defines the term 'agency' as including only those agencies that fall under control the federal government, coupled with a legislative history that supports such a reading of its scope, forces us to conclude that ... the Privacy Act applies exclusively to federal agencies.").

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED** for failure to state any claim against the Defendant.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DONALD NEEDHAM,

    Plaintiff,

v.

TRIHEALTH BETHESDA NORTH,

    Defendant.

Case No. 1:19-cv-902

Dlott, J.

Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).